UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                :

PASCUAL ROSALES, *individually and on behalf of*  :
*others similarly situated*,                         :
                   Plaintiff,       :

                                  :

         -v-                       :

                                  :

PEPE'S REST GROUP LLC (d/b/a TIO PEPE),    :
GERMINIANO SANS (a.k.a. JIMMY SANS SR.), and  :
JIMMY SANZ JR.,                        :
                   Defendants.    :
                                  :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__7/9/2025__

25-cv-1744 (LJL)

<u>MEMORANDUM AND
ORDER</u>

LEWIS J. LIMAN, United States District Judge:

      Defendants Pepe's Rest Group LLC (d/b/a Tio Pepe) ("Tio Pepe"), Jimmy Sanz Jr.

("Sanz"), and Germiniano Sans (a.k.a. Jimmy Sans Sr.) ("Sans")[1] move to dismiss Plaintiff

Pascual Rosales's ("Plaintiff" or "Rosales") First Amended Complaint for insufficient process and

service of process pursuant to Federal Rule of Procedure 12(b)(4) and (5).  Dkt. No. 14.[2]

      For the following reasons, the motion to dismiss is denied.  The time for Rosales to serve

Jimmy Sanz is extended until July 30, 2025.

---

[1] Defendants argue that Geminiano Sans is in fact named "Germiniano Sanz," that he does not use
the alias "Jimmy Sans Sr.," and that Sanz does not use the suffix "Jr."  Dkt. Nos. 14–15, 28, 30.
The Court refers to Geminiano Sans as "Sans" only to distinguish him from Sanz for the purpose
of this motion.

[2] Although Defendants' Notice of Motion states only that Defendants seek dismissal pursuant to
Federal Rule of Civil Procedure 12(b)(5), insufficient service of process, the Court construes the
motion to dismiss as additionally seeking dismissal pursuant to Federal Rule of Civil Procedure
12(b)(4), insufficient process.  *See* Dkt. Nos. 15, 28 (Defendants' memoranda of law in support of
the motion to dismiss state that Defendants seek "dismissal of all claims for *insufficient process*
and service of process." (emphasis added)).

## BACKGROUND

Rosales brings suit under the Fair Labor Standards Act of 1938 ("FLSA") and New York Labor Law ("NYLL") against Defendants.  Dkt. No. 9.  He alleges that Defendants improperly withheld wages for labor Rosales performed as a cook at Tio Pepe, a restaurant located at 168 West 4th Street, New York, NY 10014.  *Id.* ¶¶ 4–7.  The First Amended Complaint alleges that Sans and Sanz ("Individual Defendants") jointly own and control the restaurant.  *Id.* ¶¶ 20–24.

On April 1, 2025, at 4:30 pm, Rosales attempted to serve Defendants by engaging a process server to deliver summonses to a "Mr. Ivan" at Tio Pepe and mailing to the restaurant copies of the summonses addressed to the Individual Defendants.  Dkt. Nos. 10–12.  According to the affirmation of service, "Mr. Ivan" stated that he was a managing agent of the restaurant authorized to accept service and a coworker of the Individual Defendants.  *Id.*  On April 22, 2025, Defendants submitted a declaration from a Tio Pepe employee, Ivan Martinez, stating that he was working as a bartender during the time of Plaintiff's first attempted service, but that no summons was served on April 1, 2025 and that he has never represented himself as possessing managerial authority at Tio Pepe.  Dkt. No. 14-1 ("Martinez Declaration").  An additional declaration from Claude Solliard, a manager at Tio Pepe, reiterates the Martinez Declaration, states that no other employee named "Ivan" was in the restaurant on April 1, 2025, and specifies that no summons has been received in the mail since April 1, 2025.  Dkt. No. 14-2.

On April 30, 2025, Rosales reattempted service on the Individual Defendants by engaging a process server to deliver summonses to a "John Doe" at Tio Pepe and again mailing copies.  Dkt. Nos. 20–21.  The recipient identified himself as the manager of the Individual Defendants, but would not provide his name.  *Id.*  On May 1, 2025, Tio Pepe was served through service on the Secretary of State.  Dkt. No. 22.  On May 13, 2025, Sanz submitted a declaration stating that he has no ownership, managerial, or employment relationship with Tio Pepe.  Dkt. No. 27 ("Sanz

Decl."). Sanz denies conducting business at the restaurant or giving any Tio Pepe agent authority to accept service of process on his behalf. *Id.*

## PROCEDURAL HISTORY

Rosales filed his original complaint on February 28, 2025. Dkt. No. 1. Rosales filed his First Amended Complaint on March 10, 2025. Dkt. No. 9. On April 8, 2025, Rosales filed affidavits stating that service had been made upon all three defendants on April 1, 2025. Dkt. Nos. 10–12.

On April 22, 2025, Defendants filed the instant motion to dismiss on behalf of all three Defendants. Dkt. No. 14. Defendants filed a memorandum of law and two declarations in support of the motion. Dkt. Nos. 14–15.

On May 6, 2025, Rosales filed two affidavits stating that the Individual Defendants were served on April 30, 2025, Dkt. Nos. 20–21, and that Tio Pepe was served on May 1, 2025, Dkt. No. 22. Rosales also submitted a memorandum of law in opposition to the motion to dismiss. Dkt. No. 23.

On May 13, 2025, Sanz submitted a declaration and a reply memorandum of law in further support of dismissal. Dkt. Nos. 27–28.

Tio Pepe and Sans filed an answer to the First Amended Complaint on May 28, 2025. Dkt. No. 30.

## LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When the sufficiency of service of process is challenged under Federal Rule of Civil Procedure 12(b)(5), "the plaintiff bears the burden of proving adequate service." *Esposito v. TipRanks, Ltd.*, 2024 WL 68528, at *2 (S.D.N.Y. Jan. 4, 2024) (quoting

*Militinska-Lake v. Kirnon*, 2023 WL 7648511, at *1 (2d Cir. Nov. 15, 2023) (summary order));
*see* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (4th ed. 2025)
(hereinafter "Wright & Miller") ("The party on whose behalf service of process is made has the
burden of establishing its validity when challenged.").  Ascertaining whether service was proper
requires considering "matters outside the complaint" such as declarations.  *Cassano v. Altshuler*,
186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016) (citing *Darden v. DaimlerChrysler N. Am. Holding
Corp.*, 191 F.Supp.2d 382, 387 (S.D.N.Y. 2002)).

## DISCUSSION

Sanz is the only Defendant with a live motion to dismiss.  Defendants Tio Pepe and Sans
have "waived [their] defense of improper service of process by failing to assert it in [their]
Answer." *Overseas Priv. Inv. Corp. v. Furman*, 2012 WL 967458, at *5 (S.D.N.Y. Mar. 14, 2012)
(Sullivan, J.); *see* Fed. R. Civ. P. 12(h)(1)(B)(ii).

## I.    Insufficient Process

A defendant objecting to the sufficiency of process under Rule 12(b)(4) "must identify
substantive deficiencies in the summons, complaint or accompanying documentation." *Hilaturas
Miel, S.L. v. Republic of Iraq*, 573 F. Supp. 2d 781, 796 (S.D.N.Y. 2008).  Sanz argues that process
was insufficient because the papers identified him as "Jimmy Sanz Jr." even though he is not a
"Jr." Dkt. No. 28 at 1; Dkt. No. 30 at 1 n.1.[3]

Federal Rule of Civil Procedure 4 "sets forth in detail the form a summons must take and
the process by which a summons must be served." *Osrecovery, Inc. v. One Grp. Int'l, Inc.*, 234
F.R.D. 59, 60 (S.D.N.Y. 2005); *see* Fed. R. Civ. P. 4.  "Although minor or technical defects in a

---

[3] Sans similarly argues that his supposed alias "Jimmy Sans Sr." is erroneous and his last name is
in fact Sanz.  Dkt. Nos. 14–15, 28, 30.  Sans's answer waived any challenge to the sufficiency of
process based on these errors. *See Overseas Priv.*, 2012 WL 967458, at *5.

summons in certain circumstances do not render service invalid, defects that are prejudicial to the defendant or show a flagrant disregard for the rule do." *Id.* (citations omitted).  Courts construe Rule 4's process requirements liberally. *See id.*; *Time Prods. v. J. Tiras Classic Handbags, Inc.*, 1994 WL 363930, at *4 (S.D.N.Y. July 13, 1994).  "As long as the summons is sufficiently accurate to give proper notice, the error will be deemed harmless and the party will be allowed to amend the summons." *Time Prods*, 1994 WL 363930, at *4; *see also Grannis v. Ordean*, 234 U.S. 385, 395 (1914) ("If a defendant within the jurisdiction is served personally with process in which his name is misspelled, he cannot safely ignore it on account of the misnomer.").

In particular, a misnamed defendant's appearance may indicate that the misspelling was not so prejudicial as to render service invalid. *See Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1301 (2d Cir. 1990) ("[P]laintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant and . . . the defendant's conduct, in the circumstances of this case, precludes it from complaining about the absence of personal service."); *Alston v. Quik Park Garage Corp.*, 1996 WL 547018, at *1 (S.D.N.Y. Sept. 26, 1996) (holding that the misspelling of the defendant's name was a "[h]armless error[]" where the defendant "had actual notice of the action against it, suffered no material prejudice, participated in settlement negotiations, and received various extensions of time to answer the complaint"); *Kroetz v. AFT-Davidson Co.*, 102 F.R.D. 934, 936–37 (E.D.N.Y. 1984) (denying motion to dismiss for insufficient process where the defendant "was in no way prejudiced as a result of the misnaming, as said defendant served an answer soon after the service of the summons and complaint"); *Wright & Miller* § 1088 ("A defendant's appearance in the action should be enough to prevent any technical error in form from providing a basis for invalidating the process.").

Sanz does not show that the summons' incorrect inclusion of the suffix "Jr." was anything but a harmless technical error. Sanz clearly had actual notice of the case given his appearance and participation. Sanz also fails to establish that Rosales's use of the suffix demonstrates a flagrant disregard for the rules such that it could render service upon him invalid. *See Datskow*, 899 F.2d at 1301 (excusing error in service of process where the plaintiff addressed the summons to "Teledyne, Inc." rather than "Teledyne Industries, Inc.," the corporate defendant's proper name); *Akhtar v. Aggarwala*, 2024 WL 3862504, at *4 n.6 (S.D.N.Y. June 5, 2024) (excusing error in summonses where the plaintiff ascribed the wrong middle initial to the defendant being served), *report and recommendation adopted sub nom. Akhtar v. Adams*, 2024 WL 3862673 (S.D.N.Y. Aug. 19, 2024).

Defendants' motion to dismiss the complaint due to insufficient process is denied.

## II.    Insufficient Service of Process

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). Federal Rule of Civil Procedure 4(e) provides that service may be made on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or (a) "delivering a copy of the summons and of the complaint to the individual personally"; (b) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (c) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Although Rosales does not specify how he attempted to serve Sanz, it is clear he did not attempt any of the federal modes of service as he does not claim to have served Sanz personally, at his dwelling, or through an appointed agent. Instead, Rosales appears to claim service was proper pursuant to

Section 308(2) of the New York Civil Practice Law and Rules which allows for service "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . and . . . by mailing the summons by first class mail to the person to be served at his or her actual place of business."  N.Y. C.P.L.R. § 308(2).  Sanz argues that Plaintiff's attempted service did not satisfy the requirements of Section 308(2) because Tio Pepe is not his place of business.  Dkt. No. 28.

"New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her within that place of business." *Baity v. Kralik*, 51 F. Supp. 3d 414, 430–31 (S.D.N.Y. 2014) (quoting *Velez v. Vassallo*, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002)).  For service to have been proper, Tio Pepe must have been Sanz's place of business on April 30, 2025, the date of service.  *Id.* at 431 (holding service was deficient where plaintiff served the no-longer-employed defendant at their former place of employment); *see also Jackson v. County of Nassau*, 339 F. Supp. 2d 473, 478 (E.D.N.Y. 2004) (collecting cases).

Sanz's declaration states that he does not have any relationship with Tio Pepe that would qualify the restaurant as his actual place of business.  He avers that (1) he is not an employee, owner, shareholder, member, partner, director, or officer of Tio Pepe; (2) he does not conduct any business at 168 West 4th Street, New York, NY 10014; (3) he does not have any ownership interest, voting rights, or any other legal or equitable interest whether direct or indirect in Tio Pepe; (4) he does not have a contractual, financial relationship with Tio Pepe; and (5) he is not a creditor, lender, obliged, or beneficiary in Tio Pepe.  Sanz Decl. ¶¶ 3–8.

Two documents support Rosales's claim that Tio Pepe was Sanz's actual place of business: (1) the process server's affidavit of service and (2) the First Amended Complaint.  However, the conclusory statements in each are insufficient to overcome Sanz's specific averments that Tio Pepe is not his actual place of business.

The process server declared under penalty of perjury that he served Sanz through a manager at Tio Pepe and that "said premises is the defendant's/respondent's actual place of business within the state."  Dkt. No. 21.  "In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service," but "[a] defendant's sworn denial of receipt of service, . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing."  *Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002).  A denial "must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 312 (S.D.N.Y. 2008).  In light of Sanz's challenges to service, the process server's conclusory and boilerplate language does not establish proper service.  *See F.D.I.C. v. O'Connor*, 2008 WL 2557426, at *2 (S.D.N.Y. June 26, 2008) ("[C]onclusory statements in the printed language contained in the affidavit as to the dwelling place of the person served with process were refuted by the weight of the evidence submitted by defendant to the contrary"); *see also Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 298 (E.D.N.Y. 2024) (holding service improper because the "affidavit of service merely states, '[Teller] is authorized to accept service,' but does not explain how the process server arrived at this conclusion").

The First Amended Complaint alleges that Sanz "possesses or possessed operational control over [Tio Pepe], an ownership interest in [Tio Pepe], or controlled significant functions of [Tio Pepe]" including that he "determined the wages and compensation of employees, including

Plaintiff Rosales, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees." Dkt. No. 9 ¶¶ 1–3, 18, 21. Such facts would support a finding of proper service. *See, e.g.*, *Jimenez v. Bosie, LLC*, 2021 WL 2941916, at *5 (S.D.N.Y. July 12, 2021) (service upon business's co-owner made at the business was proper under Section 308(2) regardless of how often the co-owner visits the business); *Rodriguez v. Lucky Lotto Grocery Deli Corp.*, 2024 WL 3760583, at *3 n.3 (E.D.N.Y. July 18, 2024) ("As a co-owner of the business, the Court concludes that Muthana was served at his actual place of business."), *report and recommendation adopted sub nom. Rodriguez v. Lucky Lotto Grocer Deli Corp.*, 2024 WL 3759660 (E.D.N.Y. Aug. 12, 2024); *King v. Galluzzo Equipment & Excavating, Inc.*, 2001 WL 1402996, at *4 (E.D.N.Y. Nov. 8, 2001) (holding that directing and paying employees from work yard qualified it as defendant's actual place of business).

When service is placed at issue, however, Plaintiff bears the burden of showing by evidence that the location at which service was attempted was Sanz's place of business. *See Dickerson*, 604 F.3d at 752; *GMA Accessories, Inc. v. Solnicki*, 2010 WL 3749213, at *4 (S.D.N.Y. Sept. 24, 2010). That burden is not discharged by mere reference to the allegations of a complaint. "In circumstances where jurisdictional issues such as failure of service of process are presented, the factual allegations of a complaint may be controverted." *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 587 (S.D.N.Y. 2006) (citing *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999)); *see also Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014) (denying default judgement for insufficient service because the plaintiff did not "provide[] any evidence beyond her conclusory allegations that the Plaza Hotel is the [defendant's] residence or dwelling"). Moreover, "[c]onclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process."

*Jiehua Huang v. AirMedia Grp. Inc.*, 2017 WL 1157134, at *4 (S.D.N.Y. Mar. 27, 2017) (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999)).   In the face of evidence that the location of service was not the Defendant's place of business, Plaintiff must submit evidence that he transacts business or performs work at Tio Pepe.  *See, e.g.*, *Tieman v. City of Newburgh*, 2015 WL 1379652, at *7 (S.D.N.Y. Mar. 26, 2015) (holding that the plaintiff's declaration that city hall was defendant police officers' place of business was too conclusory to support a finding of sufficient service in light of detailed affidavit showing that the police officers' only place of business was the police department); *W. Sur. Co. v. Bykev Int'l, Inc.*, 2015 WL 5146112, at *3 (S.D.N.Y. Sep. 1, 2015) (Nathan, J.) (holding business report listing address as defendant's place of business seven months before service could not overcome sworn denial of business use at actual time of service). Plaintiff's conclusory allegations of ownership and control do not overcome Sanz's specific denials.

Neither party has requested an evidentiary hearing and no hearing is necessary.  *See, e.g.*, *Oyewole v. Ora*, 291 F. Supp. 3d 422, 430 (S.D.N.Y. 2018) (Nathan, J.) (dismissing complaint when plaintiff offered no evidence to rebut defendants' affidavits denying recipient's authority to accept process); *Khan v. Ahmed*, 2007 WL 1180567, at *1 (S.D.N.Y. Apr. 13, 2007) (granting dismissal when plaintiff produced no evidence to create an issue of fact regarding defendant's affidavit denying residence at place of service), *aff'd sub nom. Khan v. Khan*, 360 F. App'x 202 (2d Cir. 2010) (summary order); *Jackson*, 339 F. Supp. 2d at 478 (holding that service pursuant to Section 308(2) was deficient based on Human Resources Director's affidavit stating that defendant was not employed at the site of service at the time of service).

Because Plaintiff fails to establish that Tio Pepe was Sanz's actual place of business, the attempted service upon him at that location was deficient.

Sanz raises an additional argument as to why service under Section 308(2) is deficient. He avers that he has not "given a manager of Tio Pepe, or any other employee, officer, director, or other agent of Tio Pepe authority to accept service of process on my behalf." Sanz Decl. ¶ 10. This is irrelevant as "[a]uthorization . . . is not required." *Leung v. N.Y.U.*, 2016 WL 1084141, at *8 (S.D.N.Y. Mar. 17, 2016). Instead, "[a]ll that is required is that the person to whom service is made be of 'suitable age and discretion.'" *Id.* (citing *City of New York v. VJHC Dev. Corp.*, 2 N.Y.S.3d 453, 454 (1st Dep't 2015)). Defendants do not dispute that a John Doe approximately fifty-five years of age representing himself as a manager accepted service at Tio Pepe on April 30, 2025. Dkt. Nos. 21–22. Courts have accepted service on anonymous adult coworkers as satisfying Section 308(2). *See, e.g.*, *Finkel v. Genergy Elec. Servs. Co., LLC*, 2010 WL 8445099, at *2 (E.D.N.Y. Aug. 24, 2010) (recommending that service be found proper where it was left with "a man of suitable age who identified himself as [defendant's] co-worker," but refused to provide his name), *report & recommendation adopted*, 2012 WL 642472 (E.D.N.Y. Feb. 28, 2012); *Garcia v. Maersk, Inc.*, 2005 WL 1492380, at *3 (E.D.N.Y. June 24, 2005) (holding that prima facie assumption of service via anonymous "Joe Smith" at place of employment was not rebutted by affidavit that "No Joe 'Smith' works [there]"); *Harris v. N. Shore Univ. Hosp. at Syosset*, 2004 WL 2376483, at *2 (N.Y. Sup. Ct. Aug. 11, 2004) (holding that service upon anonymous "Ms. Jane Smith" who self-identified as coworker of defendant was proper), *aff'd sub nom.*, *Harris v. N. Shore Univ. Hosp. at Syosset*, 792 N.Y.S.2d 148 (2d Dep't 2005). It is therefore inconsequential that the process server delivered the summons to an unauthorized and anonymous manager.

### III.    Grant of Extension to Reattempt Service

As the Federal Rules of Civil Procedure make clear, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The 90-day period is calculated from the filing of the original complaint. *See Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 607 (S.D.N.Y. 2012) ("The filing of an amended complaint . . . does not restart the 120[4] day period for service under Rule 4(m)." (citing *Cioce v. County of Westchester*, 2003 WL 21750052, at *3 (S.D.N.Y. July 28, 2003), *aff'd*, 128 Fed. Appx. 181 (2d Cir. 2005))); Wright & Miller § 1137 ("Filing an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service").

The Court "must extend the time for service for an appropriate period" if "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). Plaintiffs "bear the burden of proof in showing that [they] had good cause in not timely serving the defendant." *George v. Pro. Disposables Int'l Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016); *see also Khan*, 360 F. App'x at 203. "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Gong v. Sarnoff*, 2023 WL 8096970, at *2 (S.D.N.Y. Nov. 21, 2023) (quoting *George*, 221 F. Supp. 3d at 432–33). "Good cause . . . is evidenced only in exceptional circumstances, where the insufficiency of service results from

---

[4] The Rule previously allotted 120 days for service, but in 2015, Rule 4(m) was amended to reduce the presumptive time for serving a defendant from 120 to 90 days. *See* Fed. R. Civ. P. 4(m), Advisory Committee's Note to 2015 Amendment.

circumstances beyond the plaintiff's control." *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003). "A delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). Plaintiff does not argue that his failure to properly effect service upon Sanz was due to circumstances beyond his control and thus has not established good cause.

Regardless whether Plaintiff has established good cause, the Court nevertheless retains "the discretion to grant an extension of time to serve the defendant." *Hahn v. Off. & Pro. Emps. Int'l Union*, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015). "[A] district court may extend the time to serve if, after balancing the relative prejudice to the parties and considering all relevant factors, it concludes that such an extension is justified." *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summary order) (citing *Zapata v. City of New York*, 502 F.3d 192, 198–99 (2d Cir. 2007), *cert. denied*, 552 U.S. 1243 (2008)). In determining whether a discretionary extension is appropriate in the absence of good cause, courts in this Circuit generally consider four factors: "(1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). "It is also appropriate to consider judicial efficiency in determining whether late service should be permitted." *Esposito v. City of New York*, 2014 WL 12776119, at *2 (E.D.N.Y. Apr. 1, 2014). The Court reviews each factor in turn.

The first factor weighs in Sanz's favor as none of Plaintiff's claims would be barred by a dismissal at this time. Rosales brings eight causes of action under FLSA and NYLL based on his

employment with Defendants from roughly August 2, 2023, to January 14, 2025.  Dkt. No. 9 ¶ 15.
Claims brought under the FLSA must be brought within two years of the date on which the cause
of action accrues, or three years if the cause of action arises out of a willful violation.  *See* 29 U.S.C.
§ 255(a).   NYLL  provides  a  more  generous  six-year  statute  of  limitations.   N.Y. Lab. Law
§ 663(3).  Because the earliest any of Plaintiff's claims could have accrued is August 2, 2023, none
of Plaintiff's FLSA claims would be time-barred until August 4, 2025 at the earliest and none of
Plaintiff's NYLL claims would be time-barred until August 2, 2029 at the earliest.[5]  "Because it
does not appear that the statute of limitations would bar this action from being refiled, the first
factor . . . favors dismissal."  *DeLuca*, 695 F. Supp. 2d at 67.

The third factor also favors Sanz as he has not concealed the defective service.  Rosales
had over two weeks to attempt a third service once the issue was raised in Sanz's June 13, 2025,
declaration.  "[N]otification to the plaintiff by the defendant . . . of a defect in the service of process
is sufficient to start the clock on the reasonable amount of time afforded to the plaintiff to cure the
defect."  *Kurzberg v. Ashcroft*, 619 F.3d 176, 185 (2d Cir. 2010); *see Blanco v. Success Academy
Charter Schs., Inc.*, 722 F. Supp. 3d 187, 207 (S.D.N.Y. 2024) (holding that notification of service
deficiency 10-days before deadline favored denying discretionary extension).

The second and fourth factors favor Rosales as Sanz has notice of the current action despite
the improper service and is not prejudiced by the delay.  The instant motion to dismiss was filed
by Sanz's counsel.  Dkt. No. 14.  Sanz filed an additional declaration and memorandum of law in
support of the motion.  Dkt. Nos. 27–28; *see Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d

---

[5] August 2, 2025 falls on a Saturday and both New York law and Federal law provide that if a
statute of limitations expires on a weekend or legal holiday, the court should instead calculate the
limitations period as ending on the next day that is not a weekend or holiday.  *See* N.Y. Gen.
Constr. Law § 25–a(1); Fed. R. Civ. P. 6(a)(1)(C); *Sher v. City of New York*, 2022 WL 1294395,
at *3 n.4 (S.D.N.Y. Apr. 29, 2022).

404, 421 (S.D.N.Y. 2013) (presuming that defendant had notice when defense counsel filed notice of appearance and engaged in motion practice on behalf of all defendants and holding that the second factor therefore favored granting an extension). Sanz has not raised any issue of prejudice resulting from delayed service. *See W. Sur. Co.*, 2015 WL 5146112, at * 4 (absence of claimed prejudice from improper service favors extension). The risk of prejudice is also lessened by the early stage of the proceedings. *See Blanco*, 722 F. Supp. 3d at 207 (holding that the fourth factor weighed in favor of granting an extension where discovery had not yet begun); *cf. George*, 221 F. Supp. 3d at 437 (possible prejudice from extension when defendants were potentially unable to meaningfully participate in discovery due to untimely service).

Finally, granting an extension promotes judicial efficiency. It would be inefficient to dismiss the complaint as to Sanz and require Rosales to proceed by filing a duplicative action against Sanz while continuing to pursue his claims against Sans and the restaurant in this case. *See Esposito*, 2014 WL 12776119, at *4 ("It is more efficient for the Court to consider all of Plaintiff's claims in the present action with which it is familiar rather than having Plaintiff file a different case in which discovery would need to be coordinated with discovery in this case.").

On balance, an extension is warranted in light of Rosales's continued efforts to timely effectuate service and the fact that only a short period of time—approximately one month—has elapsed since the deadline for service. The second service was attempted ten days after Defendants filed the first motion to dismiss. Dkt. Nos. 14, 21. In Rosales's memorandum of law in opposition to the motion to dismiss, he requested a third opportunity to serve Defendants if his earlier attempts were insufficient. Dkt. No. 23 at 4. Granting this extension to permit Rosales to reattempt service aligns with the Federal Rules of Civil Procedure's directive that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive

determination of every action and proceeding," Fed. R. Civ. P. 1, and the Second Circuit's longstanding "preference that litigation disputes be resolved on the merits," *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995).  The Court accordingly extends Plaintiff's time to serve Sanz to July 30, 2025.

**CONCLUSION**

The motion to dismiss is DENIED.  Plaintiff must remedy his failure to properly serve Jimmy Sanz by July 30, 2025.

The Clerk of Court is respectfully directed to close Dkt. Nos. 14 and 15.


SO ORDERED.

Dated: July 9, 2025
     New York, New York
                                  LEWIS J. LIMAN
                           United States District Judge